IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| PLASMA BIOLOGICAL SERVICES, LLC | ) ) | Jury Trial Demanded |
| and | ) ) | |
| INTERSTATE BLOOD BANK, INC. d/b/a PLASMA BIOLOGICAL SERVICES | ) ) ) | |
| Defendants. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of disability, and to provide appropriate relief to Adrian W. Cook, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges Defendants, Plasma Biological Services, LLC and Interstate Blood Bank, Inc. d/b/a Plasma Biological Services (collectively Defendant Employer), discharged and refused to rehire Adrian W. Cook because of disability. Defendant Employer maintains a policy or practice of discharging and refusing to rehire any employee who tests positive for a viral marker

or antibodies for human immunodeficiency virus (HIV).  Defendant Employer also fails to maintain employee medical records separate from employee personnel files.

JURISDICTION AND VENUE

1.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This is an action authorized and instituted pursuant to § 107(a)  of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3)  and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.        The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

PARTIES

3.        Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.        At all relevant times, Defendant Employer Plasma Biological Services, LLC and Interstate Blood Bank, Inc., d/b/a Plasma Biological Services (Defendant Employer), is engaged in the business of drawing human source plasma and selling it to therapeutic and diagnostic customers as raw material which is then manufactured into various products and medicine.

2

Defendant Employer has continuously been doing business in the State of Tennessee and in

Shelby County.  Defendant Employer has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been and is now an

employer engaged in an industry affecting commerce under § 101(5) of the ADA, 42 U.S.C. §

12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by

reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under

Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Adrian W. Cook filed

a charge of discrimination with the Commission alleging violations of Title I of the ADA by

Defendant Employer.

8.     The Commission found reasonable cause to believe the charges were true, and

endeavored to eliminate the discriminatory practice through informal methods of conference,

conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the

Commission.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

10.    Since at least January 2013, Defendant Employer engaged in an unlawful

employment practices at its Memphis, Tennessee facility in violation of § 102(a) of Title I of the

ADA, 42 U.S.C. §§ 12112(a).

11.    The unlawful employment practices include discharging Adrian W. Cook because

Defendant Employer erroneously regarded Mr. Cook as having human immunodeficiency virus

(HIV) which is an impairment within the meaning of the ADA.

a.      Defendant Employer is engaged in the business of drawing human source plasma and selling it for profit.

b.      On or about December 5, 2011, Defendant Employer hired Adrian W. Cook as a phlebotomist.

c.      On or about June 4, 2012, Defendant Employer transferred Cook from its Jackson, Tennessee location to its Frayser location in Memphis, Tennessee.

d.      On or about January 4, 2013, Cook visited Defendant Employer's Summer Avenue location in Memphis, Tennessee to provide source plasma as a donor.

e.      On or about January 9, 2013, after getting off work at Defendant Employer's Frayser location, Cook returned to Defendant Employer's Summer Avenue location to provide a second plasma donation.

f.      At this time, Cook was informed that his initial plasma tested had shown a positive viral marker for HIV.

g.      The next day, January 10, 2013, Cook obtained a rapid HIV test from the Shelby County Health Department.  The rapid HIV test showed that Cook was not HIV-positive.

h.      That same day, January 10, 2013, after taking the rapid HIV test, Cook reported to back to work at Defendant Employer's Frayser location.

i.      After working for several hours, Cook was called into his supervisor's office. Cook's supervisor, Kenya Anderson, informed Cook that his name had shown up on the deferred donor list because the initial plasma test had shown a positive viral marker for HIV.

j.      Anderson informed Cook that Defendant Employer was terminating his employment because Cook's initial plasma test had shown a positive viral marker for HIV.

k.      Cook informed Anderson that the Shelby County Health Department had tested him and determined him negative for HIV.

l.      Anderson stated that Larry Moss, Defendant Employer's president and owner, made the termination decision, which was final.

m.      Defendant Employer terminated Cook's employment on January 10, 2013 because Cook's initial plasma test had shown a positive viral marker for HIV.

n.      On or about January 14, 2013, Cook received official confirmatory results of HIV testing which showed that he was negative for HIV.

o.      On or after January 14, 2013, Defendant Employer refused to rehire Cook after receiving medical information showing he was not HIV positive.

p.      Cook was able to perform the essential functions of the phlebotomist position without a reasonable accommodation.

q.      Cook is a qualified individual with a disability under the definition of the ADA, as amended by the ADA Amendments Act of 2008, in that Defendant Employer regarded Cook as having HIV. And he was able to perform essential part of his job.

12.      The unlawful employment practices include Defendant Employer maintaining a policy of discharging from employment and refusing to reinstate or rehire any employee who tests positive for a viral marker for an impairment.

a.      According to Defendant Employer's President, if an employee tests positive for a viral marker such as HIV, Defendant Employer must terminate the employee.

b.      According to Defendant Employer's President, it has happened before when a employee tested positive for a viral marker, and Defendant Employer terminated the employee.

c.      According to Defendant Employer's President, once an individual has tested positive for a viral marker, it cannot be changed, and thus an employee cannot be reinstated or rehired regardless of whether the initial screening was correct or had a false positive result.

13.      The unlawful employment practices include Defendant Employer failing to maintain medical information on separate forms and in separate medical files.

a.      The Commission conducted an onsite investigation of Defendant Employer on or around June 18, 2013.

b.      During the onsite investigation, the Commission reviewed personnel files of Defendant Employer as part of its investigation.

c.      The Commission observed medical information placed in the personnel files instead of placement in separate medical files.

d.      Defendant Employer failed to segregate medical and non-medical information on separate forms and in separate medical files in violation of 42 U.S.C. § 12112(d)(3)(B).

14.      The effects of the practices complained of in paragraphs 11-12 above has been to deprive Adrian W. Cook of employment opportunities and otherwise adversely affect his status as an employee because of disability.

15.      The unlawful employment practices complained of in paragraphs 11-12 above were and are intentional.

16.      The unlawful employment practices complained of in paragraphs 11-12 above were and are done with malice and reckless indifference to the federally protected rights of Adrian W. Cook.

17.     The effect of the practices complained of in paragraph 12 above has been to deprive other employees of equal employment opportunities and otherwise adversely their status as employees, in violation of the ADA.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates because of disability.

B.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Adrian W. Cook by providing appropriate back pay and front pay with prejudgment interest and lost benefits, in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or rightful place hiring.

D.      Order Defendant Employer to make whole Adrian W. Cook by providing compensation for pecuniary losses, including but not limited to cost to be incurred for the costs of seeking new employment, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Adrian W. Cook by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

F.      Order Defendant Employer to pay punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

8

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

/s/ Gerald Thornton
GERALD THORNTON
Supervisory Trial Attorney
Tennessee Bar No. 015898

/s/ Matthew H. McCoy
MATTHEW H. McCOY
Trial Attorney
IN Bar No. 29368-49

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0070
matthew.mccoy@eeoc.gov